UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MATTHEW B.[1], Plaintiff, | ) | |
| v. | ) | No. 3:25-cv-00232-RLY-CSW |
| FRANK J. BISIGNANO, Defendant. | ) | |

**REPORT AND RECOMMENDATION ON JUDICIAL REVIEW OF THE COMMISSIONER'S DENIAL OF BENEFITS**

This matter is before the Honorable Crystal S. Wildeman, United States Magistrate Judge, pursuant to an Entry Referring Matter to Magistrate Judge, to conduct and issue a report and recommendation regarding the appropriate disposition of this matter. (Dkt. 15). Claimant, Matthew B., seeks judicial review of the Social Security Administration's ("SSA") decision denying his Title II application for a Period of Disability and Disability Insurance Benefits ("DIB"). (Dkt. 1). He argues the Administrative Law Judge ("ALJ") erred by failing to account for absences due to Claimant's seizures when determining Claimant's residual functional capacity. (Dkt. 14 at 7). For the following reasons, the Magistrate Judge recommends the Commissioner's decision be **REVERSED and REMANDED**.

## I. BACKGROUND

On March 16, 2023, Claimant filed an application for Title II period of disability and disability insurance benefits, and for Title XVI supplemental security income under the Social Security Act alleging a disability beginning March 1, 2022.

[1] To protect the privacy interests of Claimant's application for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

(Dkt. 10-2 at 12). Both of Claimant's applications were initially denied on September 14, 2023. (*Id.*). On May 31, 2024, upon reconsideration, both of Claimant's applications were denied again. (*Id.*). Claimant then filed a request for an administrative hearing. (*Id.*).

On November 14, 2024, Claimant appeared for an in-person administrative hearing before ALJ Jason Yoder and was represented by counsel. (*Id.*). The impartial vocational expert appeared by telephone. (*Id.*). The ALJ applied the five-step sequential evaluation process to determine whether the Claimant met the standard for "disabled" as defined under the Social Security Act.

In his decision, the ALJ found that:

- At Step One, Claimant had not engaged in substantial gainful activity since March 1, 2022, the alleged onset date. (*Id.* at 14).
- At Step Two, Claimant had the following severe impairments: seizure disorder/epilepsy, asthma, lumbar degenerative disc disease and spondylosis, depression, and anxiety. (*Id.* at 15).
- At Step Three, Claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*).
- After Step Three but before Step Four, Claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift/carry 20 pounds occasionally and 10 pounds frequently, sit for at least 6 out of 8 hours, and stand/walk for about 6 out of 8 hours. He can never climb ladders, ropes, or scaffolding. He can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. He can frequently balance. He must avoid concentrated exposure to vibration, humidity, fumes, dusts, odors, gases, and areas or poor ventilation, and temperature extremes of heat and cold. He must avoid all exposure to dangerous workplace hazards such as exposed moving machinery and unprotected heights, and he should avoid driving motorized vehicles, cannot operate heavy machinery that would be a danger if he should fall during a seizure, cannot work near open gears capable of pulling, pinching, or twisting, cannot operate weight lifting devices which raise objects above shoulder level, cannot work with open electrical circuitry, cannot work with open flames or heated liquid, cannot

work near pooled water capable of being fallen into, and finally, when cooking, must use the back burners on the stove. The claimant has the ability to concentrate, persist, and maintain pace for tasks that require him to understand and remember simple instructions and carry out simple tasks that require no more than occasional independent judgment or decision-making and can be learned from a short demonstration up to and including one month, and are without strict hourly rate-based production requirements, such as piece rate assembly line work, but he can have variable end of the day employer goals or measures, and the work should involve no more than occasional daily changes in the work tasks or the work environment. (*Id.* at 18).

- At Step Four, Claimant was unable to perform any past relevant work. (*Id.* at 30).
- At Step Five, considering the Claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. (*Id.*).

Ultimately, the ALJ concluded Claimant was not disabled as defined in the Social Security Act. (*Id.* at 31). On August 26, 2025, the Appeals Council denied Claimant's request for review. (*Id.* at 2). On October 22, 2025, Claimant commenced this action, seeking judicial review of the ALJ's decision. (Dkt. 1).

## II. STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Stephens*, 888 F.3d at 327. "[S]ubstantial

evidence" is such relevant "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154); *see also Bakke v. Kijakazi*, 62 F.4th 1061, 1068 (7th Cir. 2023). This standard is light and deferential, requiring "only the most minimal of articulation." *Warnell v. O'Malley*, 97 F.4th 1050, 1051, 1053 (7th Cir. 2024); *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021).

"Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). The Court does "determine whether the ALJ built an 'accurate and logical bridge' between the evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted).[2] "If a claimant satisfies steps one, two, and three, she will

[2] The Code of Federal Regulations contains separate, parallel sections concerning SSI and disability insurance benefits ("DIB"), which are identical in most respects. Cases may reference the section pertaining to DIB, such as in *Clifford*, which cites 20 C.F.R. § 404.1520. 227 F.3d at 868. Generally, a verbatim section exists establishing the same legal point with both types of benefits. *See, e.g.*, 20 C.F.R. § 416.920. The Court will usually not reference the parallel section but will take care to detail any substantive differences applicable to the case.

automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform her past relevant work and, if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Typically, a remand is also appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). "An award of benefits is appropriate only where all factual issues have been resolved and the 'record can yield but one supportable conclusion.'" *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)).

## III. DISCUSSION

Claimant contends "[t]he ALJ committed reversible error by failing to include any absences to account for seizure occurrences in his assessment of the claimant's residual functional capacity." (Dkt. 14 at 7). The Commissioner disagrees, arguing "the ALJ carefully reviewed the entire record to determine how [Claimant]'s epilepsy disorder/seizures impacted his ability to work, and made appropriate and reasonable findings, citing substantial evidence to support those findings." (Dkt. 17

at 4). The Commissioner emphasized Claimant failed to satisfy his initial burden to show a specific limitation was appropriate. (*Id.* at 6). The Commissioner further noted that the ALJ determined Claimant's symptoms as reported were inconsistent with the record as a whole. (*Id.* at 6–9). Replying, Claimant concedes "[t]he ALJ was reasonable to find that [Claimant]'s seizures occurred less frequently, but he needed to still account for those less-frequent seizures that he recognized or at least explain why he chose not to do so." (Dkt. 18 at 1). Claimant's argument that the ALJ should have at least considered the possibility of seizure-related absence when formulating the RFC is well-taken.

In determining a claimant's RFC, an ALJ should "assess[] . . . an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p(1). When a claimant presents evidence supporting a specific limitation, the ALJ is required to consider it. *See Alexander S. L. v. Kijakazi*, No. 2:22-CV-00031-JPH-MKK, 2023 WL 2705587, at *3 (S.D. Ind. Mar. 30, 2023) (citing *Weaver v. Berryhill*, 746 F. App'x 574, 579 (7th Cir. 2018); *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022)). In cases where a claimant is deemed to have seizures warranting limitations, the reviewing Court has held "the ALJ should . . . also consider[] whether experiencing a seizure would result in time off task and if so, for how long." *Alexander S. L.*, 2023 WL 2705587 at *3. Such a failure to consider warrants remand. *Id.*

When determining Claimant's impairments, the ALJ determined Claimant experiences severe seizure disorder/epilepsy. (Dkt. 10-2 at 15). Evaluating the evidence related to this condition, the ALJ determined

> the objective medical evidence of record does not support a finding that the claimant has generalized tonic-clonic seizures or dyscognitive seizures at the frequency set out in the listing despite adherence to prescribed treatment. The claimant testified that he has convulsive seizures that happened once every one or two months and that he had roughly 10 to 12 in 2024, some occurring within a day or two of each other. A neurology record from October 2022 indicated

> that the claimant last had a seizure in May 2022, though he continued to have aura events. The claimant reported in May 2022 that he had seizures about every six months. In February 2023, the claimant's mother reported that his last seizure was about seven months earlier. Of note, the claimant has had periods of medication noncompliance.

(*Id.* at 16 (internal citations omitted)). The ALJ further discussed Claimant's self-reports of confusion and memory challenges Claimant attributed to anti-seizure medication. (*Id.* at 16, 17). Additionally, the ALJ noted both Claimant's mother's and Claimant's self-reports of postictal confusion following seizures, including "clouded thoughts up to three days after his seizures." (*Id.* at 17).

Accordingly, in crafting Claimant's RFC, the ALJ enumerated several seizure-related precautions:

> [d]ue to the claimant's seizure disorder/epilepsy, the undersigned finds that he must avoid all exposure to workplace hazards such as exposed moving machinery and unprotected heights, and he should avoid driving motorized vehicles, cannot operate heavy machinery that would be a danger if he should fall during a seizure, cannot work near open gears capable of pulling, pinching, or twisting, cannot operate weight lifting devices which raise objects above shoulder level, cannot work with open electrical circuitry, cannot work with open flames or heated liquid, cannot work near pooled water capable of being fallen into, and finally, when cooking, he must use the back burners on the stove. Such limitations are precautionary measures to protect the claimant from injury if he has a seizure.

(*Id.* at 28).

Recall, in instances where seizure-related limitations are deemed appropriate, an ALJ commits reversible error when failing to "consider[] whether experiencing a seizure would result in time off task and if so, for how long." *Alexander S. L.*, 2023 WL 2705587 at *3. Such an error is present here. The ALJ offers no logical bridge connecting the finding of seizures warranting limitations to the lack of an absence or time-off-task limitation.

Therefore, the Undersigned is unable to find the RFC is supported by substantial evidence. This is not to say the RFC *must* include a break or absence limitation. However, the ALJ must articulate why such limitations are or are not included in the RFC when reviewing on remand.

## IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** the ALJ's decision be **REVERSED and REMANDED**. Specifically, the Undersigned finds ALJ erred in failing to meaningfully assess whether Claimant's seizures would cause him to be absent from attending to his work, and if so, for how long. The Undersigned therefore recommends the Court find the denial of benefits patently wrong.

You are hereby notified the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Any party shall have fourteen (14) days from the date of service to file written objections to this Report and Recommendation.

**IT IS SO RECOMMENDED** this 24th day of July 2026.

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distributed electronically to all ECF registered counsel of record